516 A.2d 1187

**Patricia DiNARDO and Joseph DiNardo, H/W, Appellants,**

v.

**CENTRAL PENN AIR SERVICES, INC.**

Superior Court of Pennsylvania.

Argued May 15, 1986.

Filed Sept. 19, 1986.

Reargument Denied Nov. 10, 1986.

Stuart Fiel, Philadelphia, for appellants.

Byrna S. Greenblatt, Philadelphia, for appellee.

Before CAVANAUGH, WICKERSHAM and ROBERTS, JJ.

WICKERSHAM, Judge:

This is an appeal from an order dated October 17, 1985, granting appellee's petition to open/strike the default judgment entered against it. We reverse.

On or about February 14, 1984, it is alleged that Jere H. Sweigart, an employee of Central Penn Air Services, appellee herein, was operating a company truck in a negligent and reckless manner, and further, that the truck collided with an automobile that Mrs. DiNardo, appellant, was operating at the Philadelphia International Airport. Thereafter, appellants filed a civil action sounding in negligence against appellee and its employee on November 23, 1984. Service of the complaint was made on Mr. Sweigart on December 6,

1984. Service was returned *non est inventus*, however, upon appellee, Central Penn Air Services.[1] Unable to personally serve appellee, a petition for alternative service of process was filed by appellants pursuant to local rule. By order dated January 31, 1985, the lower court granted the petition thereby allowing service upon appellee by regular mail, certified mail, and posting of a sheriff's notice. Appellants were successful in serving appellee by registered mail, the return being dated February 22, 1985.

Upon appellee's failure to respond, appellants served a Pa.R.C.P. No. 237.1 notice upon them. Still receiving no response, appellants filed a praecipe to enter default judgment against Central Penn Air Services on May 16, 1985. A judgment by default was thereafter entered against appellee.[2] On August 12, 1985, appellee filed a petition to open/strike the default judgment; appellants filed an answer thereto. By order dated October 17, 1985, the lower court ultimately granted the petition and opened the default judgment. Appellants timely appealed from the order pursuant to Pa.R.A.P. 311(a)(1).

Appellants raise three issues for our review and consideration:

I. Was the record ripe for judicial determination when the court below considered the petition to open/strike [the] default judgment despite the fact that no depositions were taken?

II. Was the petition to open/strike [the] default judgment "promptly" filed so as to satisfy that element of the tripartite test regarding the opening of a default judgment?

III. Was an adequate excuse for the failure to timely answer the complaint plead and proven so as to

1. The record reflects that Central Penn Air Services, Inc. had liquidated its assets and ceased doing business as Central Penn on or about March 3, 1984.

2. A default judgment was entered against Jere H. Sweigart on April 18, 1985, as well. Mr. Sweigart is not party to this appeal.

satisfy that element of the tripartite test regarding the opening of a default judgment?

Brief for Appellant at 3.

'[O]ur scope of review on appeals from the lower court's grant or denial of a petition to open judgment is very narrow. A petition to open judgment is first an appeal to the equitable and discretionary powers of the lower court and as such, the exercise of the lower court's discretion in either opening or refusing to open a judgment ..., will not be disturbed on appeal unless the lower court has committed a manifest abuse of discretion or an error of law.'

*Lazzarotti v. Juliano,* 322 Pa.Super. 129, 133, 469 A.2d 216, 218 (1983) (citation omitted). "Because the decision whether to open a judgment is an equitable one, it depends on the particular facts of each case; there are no bright line tests, *Quatrochi v. Gaiters,* 251 Pa. [Super.] 115, 380 A.2d 404 (1977), and the cases are not easy to reconcile. *Duffy v. Gerst,* 286 Pa.[Super.] 523, 429 A.2d 645 (1981)." *Provident Credit Corp. v. Young,* 300 Pa.Super. 117, 124, 446 A.2d 257, 261 (1982).

Appellants contend that the court acted prematurely in granting appellee's petition to open without first considering proof of the petition's averments.

It is well settled that when a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof.... Pa.R.C.P. 209 provides the procedure for establishing such proof. Pursuant to Rule 209, the petitioner must either take depositions on *disputed factual issues* or order the cause for argument on the petition and answer, thereby conceding the existence of all *facts* properly pleaded in the answer. Or, the respondent may, after fifteen days, in order to expedite the proceedings, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer.

*Lazzarotti v. Juliano, supra,* 322 Pa.Superior Ct. at 134, 469 A.2d at 218 (1983) (citations and footnote omitted) (emphasis in original). The record before us indicates that appellee as the moving party did not proceed by rule or by agreement of counsel to take depositions, or order the cause for argument on petition and answer. Neither did appellant, as respondent, take a rule on appellee to show cause why he should not either proceed to take depositions or order the cause for argument on petition and answer. It is recognized that "Rule 209 place[s] no time limits on either party to proceed, and until either party [takes] action ... or until some other force spurred matters along, the court could not properly act on [the] petition." *Triffin v. Thomas,* 316 Pa.Super. 273, 279–80, 462 A.2d 1346, 1349–50 (1983) (footnote omitted). *Accord Maurice Goldstein Co., Inc. v. Margolin,* 248 Pa.Super. 162, 374 A.2d 1369 (1977) (Rule 209 places no time limit on parties to take action).

For Pa.R.C.P. No. 209 to be applicable, there must exist disputed factual issues. It is the position of appellee that the answer to its petition to open was replete with admissions and conclusions of law but did not contain a single denial of a material fact. Pa.R.C.P. No. 1029(b) mandates that "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." We must determine whether appellants have met their burden thereunder. An independent review of the petition and answer reveal that appellants failed to specifically, or by necessary implication, deny averments in the petition to open. Therefore, there being no disputed factual issues, Rule 209 is inapposite to this action. We find that the petition was ripe for review by the court below.[3]

3. Appellant raises issue with the fact that counsel for the appellee executed the verification of the petition to open without any explanation as to the source of his information or why the verification was not made by a representative of appellee in violation of Pa.R.C.P. No. 1024(c). We feel that counsel for appellee has not satisfied the requirements of Pa.R.C.P. No. 1024(c) but will not address the issue further in light of our disposition of this case.

Appellants next attempt to pursuade us that the petition to open was not "timely" filed and that appellee did not plead or prove an adequate excuse for its delay. "The law does not establish a certain number of days which constitutes a cutoff point between a prompt filing of a petition to open and one which is not timely filed." *King v. Evans,* 281 Pa.Super. 219, 224, 421 A.2d 1228, 1230 (1980). "In short, there is simply no 'magic' number which will determine whether a petition is timely or not." *Raymond J. Brusco Funeral Home v. Sicilia,* 277 Pa.Super. 115, 120, 419 A.2d 688, 690 (1980). In some cases it is evident that the petition to open has been promptly filed. *See Penneys v. Richard Kastner Co., Inc.,* 297 Pa.Super. 167, 443 A.2d 353 (1982) (allocatur denied) (3 days); *Cruse v. Woods,* 279 Pa.Super. 242, 420 A.2d 1123 (1980) (6 days); *Quaker Transit Company, Inc. v. Jack W. Blumenfeld and Company,* 277 Pa.Super. 393, 419 A.2d 1202 (1980) (4 days); *DiNenno v. Great Atlantic and Pacific Tea Co., Inc.,* 245 Pa.Super. 498, 369 A.2d 738 (1976) (15 days).

Instantly, however, appellee did not file its petition to open until eighty-eight (88) days after entry of judgment against it. The record indicates that the default judgment was entered on May 16, 1985, and apparently notice of same was received by appellee's insurer on June 26, 1985. *See* Brief for Appellee at 14. The petition to open was filed on August 12, 1985. Appellee avers, and the lower court found, that its interests were being protected by the insurer and therefore, it possessed a justifiable excuse for its delay. We disagree.

The lower court cites *Autologic Inc. v. Cristinzio Movers,* 333 Pa.Super. 173, 481 A.2d 1362 (1984), in support of its finding of a reasonable excuse for delay. *Autologic* did indeed acknowledge that a default attributable to an insured's belief that his legal interests were being protected by his insurance company is a justifiable excuse. The court went on to say, however: "if the insured fails to inquire of the insurer as to the status of the case after events have occurred which should have reasonably alerted the insured

to a possible problem, the insured is precluded from asserting a *justifiable* belief that its interests were being protected." *Id.*, 333 Pa.Superior Ct. at 176–77, 481 A.2d at 1363 (emphasis in original). Appellee was in receipt of a letter addressed from private counsel to its insurer urging a quick response to "avoid a default judgment."[4] Thereafter, appellant served appellee by mail with a Rule 237.1 notice on March 28, 1985.

> [W]e see no reason why, at the very least, [appellee] would not have sought assurances from its insurance carrier that it was being represented. Certainly, this notice should have indicated to appell[ee] that there was some possibility that the insurance company was not aware of the complaint. Indeed, such inquiry is precisely the response intended by Pa.R.C.P. 237.1, which mandates that notice of the praecipe for entry of a default judgment be sent to the party against whom judgment is to be entered and to his attorney, if any.

*Id.*, 333 Pa.Superior Ct. at 177, 481 A.2d at 1363–64.[5]

■ We find, therefore, that appellee did not act in a manner which would enable it to justifiably rely upon legal representation by its insurance company. Appellee's failure to answer the complaint was not due simply to the failure of its insurance company, but also to Central Penn's failure to seek reassurances that actions were being taken on its behalf after events had occurred which should have reasonably alerted it that a problem existed.

4. Appellee contends that the complaint served on February 22, 1985, was sent to the company's president, who forwarded the complaint to his personal counsel. This attorney, in turn, sent the complaint to Active Insurance Services, agent of Home Insurance Company, appellee's insurer. By letter dated March 4, 1985, appellee's president's personal counsel instructed the insurer that it was expected to undertake defense of the complaint and that action should be taken "quickly" on appellee's behalf "in order to avoid a default judgment." *See* Appellee's Exhibit B (apparently received by appellee as stamped on March 5, 1985).

5. The record does not reflect how appellee's insurer received notice of the default. We can only infer, based upon the record before us, that the Rule 237.1 notice addressed to appellee reached them at one point in time and was forwarded to the insurer, as were previous pleadings.

Having found no justifiable explanation as to appellee's failure to answer or otherwise plead, we hold that the petition to open, filed eighty-eight days after entry of the default judgment, was not promptly filed. *See Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) (55 days—not promptly filed); *Texas and Block House Fish and Game Club v. Bonnell Run Hunting and Fishing Corp.,* 388 Pa. 198, 130 A.2d 508 (1957) (27 day delay excessive); *Quatrochi v. Gaiters, supra* (court abused discretion in granting petition to open filed 63 days after notice of default judgment); *Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d 368 (1977) (47 day delay not timely); *Carducci v. Albright Galleries, Inc.,* 244 Pa.Super. 48, 366 A.2d 577 (1976) (54 days); *Smith v. Tonon,* 231 Pa.Super. 539, 331 A.2d 662 (1974) (3 week delay not timely).

We hold that the lower court abused its discretion in granting appellee's petition to open. We, therefore, reverse the order of October 17, 1985.

Order reversed and judgment reinstated.