**Donnie REID, Appellee,**

v.

**Michael Scott BOOHAR, Appellant.**

Superior Court of Pennsylvania.

Argued May 18, 2004.

Filed Aug. 3, 2004.

Kristi Gohn, York, for appellant.

George S. Marion, Philadelphia, for appellee.

BEFORE: DEL SOLE, P.J., KELLY, and CAVANAUGH, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Michael Scott Boohar, asks us to determine whether the trial court erred in refusing to open the default judgment entered by Appellee, Donnie Reid. We hold that Appellant, a layperson, established a legitimate excuse for not filing a timely response to Appellee's complaint where he entrusted his claim to his insurance carrier and reasonably relied on its representation, and the insurer mistakenly failed to file a timely answer. Accordingly, we reverse the trial court's order and remand to the trial court to open the default judgment and allow Appellant to file an answer to Appellee's complaint.

¶ 2 The relevant facts and procedural history of this case are as follows. Appellant and Appellee offer conflicting accounts of the October 20, 2000 automobile accident that precipitated the instant action. Appellant alleges he was traveling westbound on Route 23 in Earl Township, Lancaster County, when his vehicle stalled due to mechanical problems. Appellant decided he did not have enough coasting speed to reach a gas station on the opposite side of the road. Instead, he attempted to pull the car over to the right side of the road. While executing this maneuver, Appellant claims his car came to a complete stop within his lane of travel, with the rear of the vehicle on the yellow double line. As he exited his vehicle, he allegedly witnessed Appellee's vehicle approaching in the eastbound lane at an "excessive" rate of speed. Appellee's vehicle then collided with Appellant's stationary vehicle. In contrast, Appellee contends Appellant lost control of his vehicle in the westbound lane, crossed the yellow double line, and entered the eastbound lane, where he collided with Appellee's vehicle.

¶ 3 The police report confirms Appellee was driving beyond the speed limit, going forty-five miles per hour in a thirty-five miles per hour zone. In addition, the police cited Appellant for "limitation on backing."

¶ 4 Appellant reported the accident to his insurance company, Leader Insurance Company ("Leader Insurance"), no later than October 24, 2000, four days after the accident. Appellee filed the instant complaint on September 25, 2002, nearly two years after the accident occurred. Appellee eventually served Appellant on December 12, 2002.

¶ 5 On December 11, 2002, ·Appellee's counsel sent Leader Insurance a letter inquiring why it had made no effort to settle Appellee's claim against Appellant.

The letter also reminded Leader Insurance that Appellee had taken action against Appellant. The letter closed by stating "I respectfully suggest that Leader [Insurance] may be subject to a claim of **bad faith** if it continues to ignore this claim and expose its insured to unnecessary liability." (Appellee's Letter, dated December 11, 2002) (emphasis in original). On December 20, 2002, a week after being served with the complaint, Appellant forwarded it to Leader Insurance. He also informed Leader Insurance he had made contact with two potential eyewitnesses of the accident by placing an advertisement in the newspaper. Despite contact by both Appellant and Appellee, Leader Insurance did not file a timely answer to Appellee's complaint or otherwise correspond with Appellant.

¶ 6 On January 2, 2003, Appellee sent Appellant a notice of intention to take default judgment to his home address by first class mail. The notice stated Appellant had ten days to respond to Appellee's complaint or judgment would be entered against him. Appellant claims he never received the notice. Appellee praeciped for entry of default judgment on January 27, 2003.

¶ 7 After learning of the default judgment, Appellant forwarded the default judgment paperwork to Leader Insurance on February 10, 2003. On February 11, 2003, Appellee's counsel sent Leader Insurance a letter, stating in pertinent part:

I am writing this letter to you out of frustration. You have ignored my previous letters and numerous telephone messages which I left for you.

You may not be interested in protecting your insured's rights by settling this case but, at the very least, you should have the decency to provide me with the courtesy of a response.

(Appellee's Letter, dated 2/11/03). The next day, Leader Insurance's claim adjuster sent the following response letter to Appellee's counsel:

I have no other choice at this time but to accept and inform you that our department that was supposed to review my medical evaluation did in fact lose same along with all of the meds. I did back up my complete review but all the meds are gone. I know this is alot [sic] to ask but if your office could copy the meds and send them to me here I think this would move the claim along. However, if [you] chose not to do so please let me know as well as I will then just send the file to the litigation department where they would get them.

(Leader Insurance's Letter, dated 2/12/04). On February 20, 2003, Appellee complied with Leader Insurance's request and also notified it that a default judgment had been entered against Appellant. Leader Insurance eventually assigned an attorney to Appellant's case, who filed a petition to open or strike the default judgment on February 27, 2003. The court denied this petition on October 3, 2003. This timely appeal followed.

¶ 8 Appellant raises the following issues for our review on appeal:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO OPEN A DEFAULT JUDGMENT WHERE THE PETITION TO OPEN WAS PROMPTLY FILED, A MERITORIOUS DEFENSE TO THE SUBSTANTIVE CLAIM WAS SHOWN AND THE ENTRY OF DEFAULT WAS REASONABLY EXPLAINED BY [APPELLANT'S] INSURANCE COMPANY'S LOSS OF THE CLAIM FILE AND/OR [APPELLANT'S] FAILURE TO RECEIVE A 10 DAY DEFAULT NOTICE[?]

(Appellant's Brief at 4).

¶ 9 Our standard of review regarding the denial of a petition to open or strike a default judgment requires that we:

examine the entire record for any abuse of discretion, reversing only where the trial court's findings are inconsistent with the clear equities of the case. Moreover, this Court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. Where the trial court's analysis was premised upon record evidence, where its findings of fact were deductions from other facts, a pure result of reasoning, and where the trial court made no credibility determinations, this Court may draw its own inferences and arrive at its own conclusions. Finally, where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

*Duckson v. Wee Wheelers, Inc.*, 423 Pa.Super. 251, 620 A.2d 1206, 1208–09 (1993) (internal citations omitted).

¶ 10 Appellant contends the trial court erred when it failed to open or strike the default judgment entered against him. Appellant avers he can establish all three of the requirements necessary to open a default judgment. Importantly, Appellant believes he has a legitimate explanation for the default judgment in that the insurance company lost his file. We agree.

¶ 11 Rule 1511 of the Pennsylvania Rules of Civil Procedure reads in pertinent part:

**Rule 1511. Judgment upon Default or Admission**

(a) The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend. In all other cases of default or of admission the judgment shall be entered by the court.

Pa.R.C.P. 1511(a). Rule 237.1 provides:

**Rule 237.1. Notice of Praecipe for Entry of Judgment of Non Pros for Failure to File Complaint or by Default for Failure to Plead**

\* \* \*

(2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

\* \* \*

(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.C.P. 237.1(2)(ii). *See Rounsley v. D.C. Ventre & Sons, Inc.*, 361 Pa.Super. 253, 522 A.2d 569 (1987), *appeal denied,* 516 Pa. 614, 531 A.2d 781 (1987) (holding appellee's failure to give appellant proper Rule 237.1 notice of intent to praecipe for default judgment constitutes justifiable explanation for appellant's delay in filing answer, but refusing to open default judgment on other grounds).

¶ 12 To open a default judgment, a party must:(1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer.

*Duckson, supra* at 1209. "Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *Id.* at 1210.

¶ 13 In *Duckson,* the appellee Duckson was a passenger on a bus involved in an accident with a vehicle driven by an agent of the appellant, Wee Wheelers, Inc. *Id.* at 1208. The appellee served the appellant with the complaint and the appellant forwarded it to his insurance company within one day. *Id.* However, the appellant's insurance company delayed transmitting the file, and it ultimately failed to file a timely answer to the complaint. *Id.* The appellee praeciped for entry of judgment after directly notifying the appellant of its intention to do so. *Id.* The trial court denied the appellant's petition to open this judgment, and the appellant appealed to this Court. *Id.*

¶ 14 This Court framed the issue before it as "whether the delay in processing the paperwork occasioned by appellant's insurance carrier...constitutes a 'reasonable justification for delay' in order to open the default judgment, entered six weeks after the complaint was served." *Id.* at 1209. This Court reasoned the appellant, an unsophisticated layperson unfamiliar with the law, had entrusted his claim to his insurance carrier and had reasonably relied on its representation. *Id.* at 1211. This Court explained:

[A] thorough search of the case law reveals that in cases where this Court refused to accept the excuse of justifiable reliance, (1) the insured was a sophisticated insured with some procedure in place for monitoring claims and (2) the delays [in responding to the complaint and/or in filing a petition to open the default judgment], in all cases, were considerably longer than in the present case.

*Id.* at 1211. Thus, this Court did not hold the appellant, a layperson, strictly liable for his failure to seek reassurance from his insurer after he received notice of the appellee's intent to enter default judgment. *Id.* at 1212. For these reasons, this Court reversed the trial court's denial of the appellant's petition to open the default judgment. *Id.*

¶ 15 In *DiNardo v. Central Penn Air Services, Inc.,* 358 Pa.Super. 75, 516 A.2d 1187 (1986),[1] the appellant DiNardo sued the appellee Central Penn Air Services after an automobile accident with one of the appellee's agents. The appellee failed to respond to the appellant's complaint, even after the appellant had sent a notice of its intent to enter default judgment. *Id.* at 1188. Default judgment was entered upon the appellee's praecipe. *Id.* The court ultimately denied the appellee's petition to open the default judgment. *Id.*

¶ 16 On appeal, the appellee averred its inaction was a result of relying upon its insurer to represent its legal interests. *Id.* at 1190. This Court held the appellee, a sophisticated business familiar with the complaint process, should have been reasonably alerted to possible problems upon receiving the appellant's notice of intent to enter default judgment. *Id.* at 1191. Specifically, this Court concluded: "[The appellee's] failure to answer the complaint was not due simply to the failure of its insurance company, but also to [the appellee's] failure to seek reassurances that actions were being taken on its behalf after events had occurred which should have reasonably alerted it that a problem existed." *Id.* Finding no justifiable explanation for the appellee's failure to file a timely answer, this Court reversed the

trial court's order and denied the appellee's petition to open judgment. *Id.*

¶ 17 In *Flynn v. Casa Di Bertacchi Corp.,* 449 Pa.Super. 606, 674 A.2d 1099 (1996), the appellee Flynn sued the appellant Casa Di Bertacchi Corp. for failing to maintain safe working conditions in the food processing plant where the appellee worked. *Id.* at 1101. The appellee served the complaint on the appellant and forwarded a copy to the appellant's insurance company. *Id.* Neither the appellant nor the insurance company filed an answer to the complaint. *Id.* The appellee then sent both the appellant and the appellant's insurer notice of his intent to enter default judgment. *Id.* Upon the appellant's request, the appellee granted the appellant an extension of time in which to file an answer. *Id.* When the extension period passed without the filing of an answer, the appellee praecipied for entry of default judgment. *Id.* The appellant's subsequent petition to open the judgment was denied by the court. *Id.*

¶ 18 On appeal to this Court, the appellant likened itself to the *Duckson* appellant, asserting it had relied upon its insurer to represent its legal interests. *Id.* at 1103. This Court distinguished *Duckson* on the fact that the *Duckson* appellant was a lay-person, while the appellant Casa Di Bertacchi Corp. was a corporate entity that should have had in-house mechanisms for monitoring legal complaints lodged against it. In a ruling consistent with *DiNardo, supra,* this Court explained that a corporate entity has an obligation to seek reassurance from its insurer that actions were being taken on its behalf after receiving notification of the appellee's intent to seek default judgment. Accordingly, this Court affirmed the trial court's denial of

---

**1.** *DiNardo, supra,* was one of the cases distinguished by *Duckson, supra* in the previous block quote. *See DiNardo, supra* at 1211.

the appellant's petition to open the default judgment.

¶ 19 Presently, Appellant filed a petition to open the default judgment a month after Appellee entered the default judgment against him. In contrast, the *DiNardo* appellant waited almost three months before petitioning the court to open the default judgment. *See DiNardo, supra* at 1190. *See also Penneys v. Richard Kastner Co., Inc.*, 297 Pa.Super. 167, 443 A.2d 353 (1982) (holding appellant "promptly" filed petition to open default judgment 33 days after judgment entered). Thus, we agree with the trial court's conclusion that Appellant "promptly" filed his petition to open the default judgment. *See Duckson, supra.*

¶ 20 We also agree with the court's finding that Appellant has pled a "meritorious defense" by asserting that Appellee actually caused the accident in question. If proven at trial, this defense would entitle Appellant to judgment in his favor. *See Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979) (holding petitioner need only allege, not prove, meritorious defense in petition to open default judgment).

¶ 21 The only issue remaining is whether Appellant has pled a justifiable excuse for not filing a timely answer. On this point, we find the facts of this case analogous to *Duckson, supra*, and distinguishable from *DiNardo, supra* and *Flynn, supra*. The motor vehicle collision occurred on October 20, 2000. Appellant reported the collision to his insurance company within four days of the accident. Appellee waited two years, until September 25, 2002, to file a complaint against Appellant. Appellee eventually served Appellant on December 12, 2002, and Appellant forwarded the complaint to Leader Insurance within eight days. Upon forwarding the complaint to his insurer, Appellant reasonably entrusted his claim to Leader Insurance. The record indicates Leader Insurance lost portions of Appellant's case, failed to file a timely answer to Appellant's complaint, and otherwise failed to correspond with the parties. Consequently, Appellee praeciped for entry of default judgment on January 27, 2003, six weeks after serving Appellant with the complaint. We emphasize Appellant is a layperson, not a corporate defendant with the means to monitor its legal claims. *See Duckson, supra.* Throughout the course of this action, Appellant made concerted efforts to promptly notify Leader Insurance of the progress of his case. Specifically, Appellant contacted Leader Insurance within four days of the accident, forwarded the complaint to Leader Insurance within eight days of receiving it, and forwarded the default judgment paperwork to Leader Insurance within ten days of receiving it. Furthermore, Appellee, the plaintiff in this case, would not be prejudiced by the opening of the judgment to allow Appellant to file an answer, the standard procedure in a civil suit. On the other hand, Appellant is extremely prejudiced by the entry of the default judgment, which establishes his complete liability for an accident that he may not have caused. *See id.* For these reasons, we conclude Appellant has established a legitimate excuse for the delay in filing a timely answer. *See id.* Because Appellant has established all three prongs necessary to open a default judgment, and because the overall equities of this case warrant opening the judgment, the trial court erred when it refused to do so. *See id.*

¶ 22 In conclusion, we hold that Appellant, a layperson, established a legitimate excuse for not filing a timely response to Appellee's complaint where Appellant entrusted his claim to his insurance carrier and reasonably relied on its representa-

tion, and the insurer mistakenly failed to file a timely answer. Accordingly, we reverse the trial court's order and remand to the trial court to open the default judgment and allow Appellant to file an answer to Appellee's complaint within twenty days thereafter.[2]

¶ 23 Order reversed; case remanded for proceedings consistent with this opinion. Jurisdiction Relinquished.

---

**2.** Due to our disposition of the first issue, there is no need to address Appellant's second issue, which concerns his alleged failure to receive Appellee's notice of intent to enter default judgment.