**First Energy/Pennsylvania Power Co. v. Waller**

C.P. of Lawrence County, no. 11549 of 2008, C.A.

*Owen Katz* and *Donald S. Mazzota,* for plaintiff.
*Jamie L. Lenzi,* for defendants.

PICCIONE, *J.*, September 7, 2010—Before this court for disposition is defendants' petition to open and/or strike default judgment. The current action arises out of an incident that took place on September 24, 2007 in which a 1997 Ford Expedition Sports Utility Vehicle owned by defendant Orlando Waller and operated by defendant Kia M. Waller struck and severed a utility pole owned by First Energy/Pennsylvania Power Company (plaintiff). On September 16, 2008, plaintiff filed a complaint alleging that defendants Orlando and Kia M. Waller were negligent and seeking $16,732.50 in damages plus 6 percent interest from the date of the accident. Service was attempted but unsuccessful at both defendants' residences on September 16, 2008 and October 8, 2008.

During the following year, plaintiff was in communication with defendants' insurance carrier, Ohio Casualty, regarding a potential agreement involving Ohio Casualty paying plaintiff $8,617.52 under defendants' auto policy in exchange for a release of the claims. Under the potential agreement, the defendants were to pay the amount in excess of the policy limits in the amount of $8,115,00. After Ohio Casualty and plaintiff failed to enter into the agreement, plaintiff filed a praecipe to reinstate complaint on March 15, 2010. Plaintiff successfully served both defendants on March 22, 2010. On April 12, 2010, plaintiff sent defendants notice of its intent to seek default judgment in this case if defendants did not take appropriate action within 10 days. Defendants took no action in response to the notice, and on May 7, 2010, plaintiff filed a praecipe for default judgment, requesting that judgment be entered against defendants for their failure to file an answer to plaintiff's

complaint. On that same date, judgment was entered against defendants in the amount of $19,582.47.

On June 9, 2010, defendants filed the instant petition to open and/or strike default judgment. In the petition, defendants claim that Ohio Casualty did not learn of the default judgment until June 2, 2010 and that defendants were not aware of the effect of the 10-day notice and filing of default judgment. Defendants request that the court open or strike the default judgment and allow the claim to proceed on the merits. Plaintiff filed an answer to defendants' petition on June 30, 2010. The court heard oral argument regarding defendants' petition on August 30, 2010.

In considering a petition to open a default judgment, a court must determine whether equitable considerations exist which justify granting a defendant, against whom a default judgment has been entered, an opportunity to have the case decided on the merits. *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340, 343 (Pa. Super. 2003).

"Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Myers v. Wells Fargo Bank N.A.,* 986 A.2d 171, 175-76 (Pa. Super. 2009). (footnote omitted)

All three criteria must be met in order to open a default judgment. *Id.* at 176.

With respect to the first requirement:

"The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay. . . .

"In cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month." *U.S. Bank N.A. v. Mallory,* 982 A.2d 986, 995 (Pa. Super. 2009) (quoting *Castings Condominium Association Inc. v. Klein,* 444 Pa. Super. 68, 73, 663 A.2d 220, 223 (1995). (citations omitted)).

Whether the second requirement is met depends on the specific circumstances of the case. *Myers,* 986 A.2d at 176. Where the failure to file a responsive pleading "was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened." *Flynn v. American West Airlines,* 742 A 2d 695, 699 (Pa. Super. 1999). However, "[e]xcusable negligence must establish an oversight rather than a deliberate decision not to defend." *Seeger v. First Union National Bank,* 836 A.2d 163, 167 (Pa. Super. 2003). Finally, in order to satisfy the third requirement and state a meritorious defense, "a petitioner need only allege a defense that entitles him to a judgment in his favor, if proven at trial." *Boatin v. Miller,* 955 A.2d 424, 429 (Pa. Super. 2008).

In the case sub judice, 33 days passed between the entry of default judgment on May 7, 2010 and the filing

of the instant petition on June 9, 2010. However, timeliness of a petition is measured from the date that notice of the default judgment was received and not from the entry date. *Mallory,* 982 A.2d at 995. While it is not known when defendants received actual notice of the entry of the default judgment, it is clear that the time period between the receipt of notice and the filing of the petition is sufficiently close to the general month-long delay standard cited in *Mallory* to permit a finding that the petition was timely or a finding that it was untimely. Because the Superior Court has previously determined that a similar month-long delay did not render a petition untimely, this court also finds that defendants' petition was promptly filed. *Reid v. Boohar,* 856 A.2d 156, 162 (Pa. Super. 2004).

Defendants claim that their failure to file a responsive pleading to plaintiff's complaint was due to confusion and misinformation created by ongoing settlement negotiations between defendant and Ohio Casualty. The Superior Court has held that a layperson establishes "a legitimate excuse for not filing a timely response . . . where he entrusted his claim to his insurance carrier and reasonably relied on its representation, and the insurer mistakenly failed to file an answer. *Id.* at 157. In so holding, the court in *Reid* distinguished cases involving "a sophisticated insured with some procedure in place for monitoring claims" and indicated that it would not hold "a layperson, strictly liable for his failure to seek reassurance from his insurer after he received notice . . . intent to enter default judgment." *Id.* at 160-61 (citing *Duckson v. Wee Wheelers Inc.,* 423 Pa. Super. 251, 260, 620 A.2d 1206, 1211-12 (1993)). Similarly, defendants

are laypersons and should not be held strictly liable for believing that Ohio Casualty was representing their interests and that Ohio Casualty was involved in settlement negotiations with plaintiff. Therefore, defendants' reliance on Ohio Casualty constitutes a reasonable explanation for not filing a responsive pleading.

Defendants must also state a meritorious defense to the allegations in plaintiff's complaint in order to open the default judgment. Defendants raise several defenses in their proposed answer and new matter, including comparative and contributory negligence as well as violation of the applicable statute of limitations. Def.'s exhibit D. Similar averments have been upheld as meritorious defenses. *Attix v. Lehman,* 925 A.2d 864, 867 (Pa. Super. 2007) (holding that broad averments of contributory negligence in answer and new matter are sufficient to plead a meritorious defense). As stated above, "a petitioner need only allege a defense that entitles him to a judgment in his favor, if proven at trial." *Boatin,* 955 A.2d 424 at 429. Assuming that defendants can prove that plaintiff was wholly or partially responsible for the accident, they will be entitled to a judgment in their favor. Therefore, defendants sufficiently stated a meritorious defense. Because defendants have satisfied all three elements necessary to open a default judgment, defendants' petition to open default judgment is granted.

Although the court grants defendants' petition to open default judgment, "a petition to strike and a petition to open are two distinct forms of relief, each with separate remedies." *Resolution Trust Corp. v. Copley Qu-Wayne Associates,* 546 Pa. 98, 105, 683 A.2d 269, 273 (1996). Accordingly, the merits of defendants' petition to strike default judgment must also be addressed.

Unlike a petition to open, a petition to strike does not involve the discretion of the court. *Cintas Corp. v. Lee's Cleaning Services Inc.,* 549 Pa. 84, 91, 700 A.2d 915, 918 (1997). Instead, it operates as a demurrer, where the court may only look at the facts of record at the time the judgment was entered. *Id.* at 93, 700 A.2d at 919. "A petition to strike the judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Mallory,* 982 A.2d at 991. Where a fatal defect or irregularity is apparent from a review of the record, the prothonotary will be held to have lacked the authority to enter default judgment, and it will be considered void. *Id.*

Defendants identify two aspects surrounding the entry of the default judgment that they claim to be fatal defects. First, defendants argue that the prothonotary was without authority under Pa.R.C.P. 1037 to assess damages and enter judgment in the amount of $19,582.47. Rule 1037 states, in pertinent part, that "the prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation[.]" Pa.R.C.P. 1037(b)(1). Defendants argue that plaintiff's complaint does not specify a sum certain. A review of the record does not support defendants' claim. Plaintiff requested $19,582.47 in damages. This figure is derived from $16,732.50 for repairs to the utility pole, $2,599.17 for interest at the statutory rate of 6 percent from the date of the accident and $250.80 for costs. Therefore, plaintiff's request for damages does not violate Rule 1037. Defendants also argue that plaintiff's form of notice of praecipe to enter judgment by default is facially defective. A review of the notice provided by plaintiff and the form suggested by Pa.R.C.P. 237.5 re-

veals that they are substantially similar. Therefore, the court finds that plaintiff complied with the requirements of Rules 237.1 and 237.5. Accordingly, defendants' petition to strike default judgment is denied.

## ORDER

And now, September 7, 2010, the court having held oral argument on August 30, 2010 regarding defendants' petition to open and/or strike default judgment, with Owen Katz, Esquire, appearing and representing the plaintiff, and Jamie L. Lenzi, appearing and representing the defendants, the court finds and it is hereby ordered and decreed as follows:

(1) Defendants' petition to strike default judgment is hereby denied pursuant to the attached opinion.

(2) Defendants' petition to open default judgment is hereby granted pursuant to the attached opinion.

(3) Defendants shall file an answer to plaintiff's complaint within 10 days of the date of this order.

(4) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record.