J-S41031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| RAHEEM BEY AND RONALD CLARKE | : : | |
| Appellant | : | No. 1570 EDA 2017 |

Appeal from the Order Entered April 13, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  14-05-02361

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:         **FILED SEPTEMBER 11, 2018**

Appellants, Raheem Bey, and intervener, Ronald Clarke, appeal from the order entered in the Philadelphia County Court of Common Pleas, which denied their petition to open the default judgment entered against Appellant Bey in this mortgage foreclosure action.  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 19, 2014, Appellee, Wells Fargo Bank, N.A. successor by merger to Wachovia Bank, N.A. ("Bank"), filed a mortgage foreclosure complaint against Appellant Bey.  In May and June 2014, the Bank filed affidavits of service indicating it had effected service of the complaint upon Appellant Bey at two separate addresses on May 27, 2014, and June 2, 2014.  Appellant Bey failed to file a responsive pleading.  Appellant Bey also failed to attend a conciliation

_____

*   Former Justice specially assigned to the Superior Court.

conference on September 18, 2014. Bank sent its ten-day notice of intent to file a default judgment to Appellant on January 20, 2015. On February 5, 2015, the Bank filed a *praecipe* to enter a default judgment against Appellant Bey, which the Prothonotary entered in the amount of $298,998.18.

Appellant Clarke, who is Appellant Bey's father, moved to intervene in the petition to open on April 24, 2015. Following a hearing on July 1, 2015, the court permitted Appellant Clarke to intervene on July 2, 2015. On October 16, 2015, Appellant Bey filed a *pro se* motion to stay proceedings, which the court dismissed on November 12, 2015. In March and April 2016, Appellants jointly filed several *pro se* motions and pleadings, which the court subsequently denied as moot or dismissed as procedurally improper.

After several continuances upon the Bank's request, the mortgaged property sold at sheriff sale on January 10, 2017. That same day, counsel entered an appearance of behalf of both Appellants. On January 11, 2017, Appellants filed an emergency motion to stay transfer of title. On February 22, 2017, Appellants filed a petition to open the default judgment, asserting, *inter alia*, there existed no signed mortgage and note to support the Bank's claim. In their petition to open the default judgment, Appellants provided three explanations for filing of the petition to open over two years after the default judgment had been entered: (i) the Bank prolonged the case by repeatedly requesting the court to continue the sheriff's sale; (ii) Appellant Clarke was not able to participate in the case until July 2015; and (iii)

Appellant Bey first contacted counsel on the day of the January 10, 2017 sheriff's sale. Appellants offered no justification for Appellant Bey's failure to file a timely responsive pleading. On April 11, 2017, the court conducted a hearing on Appellants' petition and denied relief on April 13, 2017. That same day, in a separate order the court denied Appellants' motion to stay transfer of title.

Appellants timely filed two notices of appeal from the court's April 13 orders on May 12, 2017, and May 13, 2017, respectively. The court did not order Appellants to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellants filed none. On June 23, 2017, this Court consolidated Appellants' appeals *sua sponte*. On January 29, 2018, the Bank filed an application to quash the appeal from the order denying Appellants' motion to stay transfer of title, which this Court granted on February 20, 2018. The remaining appeal implicates the order denying Appellants' petition to open the default judgment.

Appellants raise the following issues for our review:

> WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ENTERED THE DEFAULT JUDGMENT AND WHEN IT REFUSED TO OPEN…JUDGMENT, AND DISMISS THE COMPLAINT BECAUSE IT APPEARS THAT APPELLANTS WERE NEVER SERVED WITH THE REINSTATED COMPLAINT AND NEVER SERVED WITH THE 10-DAY NOTICE OF INTENTION TO FILE A *PRAECIPE* FOR ENTRY OF JUDGMENT BY DEFAULT[?]
>
> WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO OPEN THE DEFAULT JUDGMENT WHEN APPELLANT RAHEEM BEY HAD PRESENTED THE

MERITORIOUS DEFENSE THAT HE HAD NEVER GIVEN A MORTGAGE TO [THE BANK]; AND WHEN APPELLEE HAD NO SUPPORTING DOCUMENTARY EVIDENCE THAT [APPELLANT BEY] HAD GIVEN SUCH MORTGAGE[?]

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO OPEN THE DEFAULT JUDGMENT AFTER BEING PRESENTED WITH CREDIBLE EVIDENCE OF FRAUD, EVEN IF THE FILING OF THE ASSOCIATED PETITION HAD BEEN PROCEDURALLY IMPROPER[?]

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO OPEN THE DEFAULT JUDGMENT WHEN THE RECORD SHOWS THAT APPELLANT RAHEEM BEY FILED THE PETITION TO OPEN AS SOON AS HE REASONABLY COULD; AND WHEN IT SHOWS THAT HE WAS NOT NOTIFIED OF THE CONCILIATION CONFERENCE WHICH RESULTED IN THE ENTRY OF THE JUDGMENT[?]

(Appellants' Brief at 4).

In their issues combined, Appellants argue the Bank failed to serve Appellant Bey with the complaint, the reinstated complaint, and the 10-day notice of intent to file a *praecipe* to enter default judgment; Bank also neglected to give him notice of the September 18, 2014 conciliation conference. Appellants aver the Bank possesses no mortgage or promissory note signed by Appellant Bey. Appellants submit the court overlooked the deed to the mortgaged property. Appellants posit they filed the February 22, 2017 petition to open the default judgment as soon as they reasonably could. Appellants conclude this Court should open the default judgment and dismiss the complaint or, alternatively, remand the case to the trial court for a hearing on Appellants' claims. We disagree.

The decision to grant or deny a petition to open a default judgment is a

- 4 -

matter of judicial discretion. ***Schultz v. Erie Ins. Exchange***, 505 Pa. 90, 477 A.2d 471 (1984). A petition to open a default judgment is an appeal to the court's equitable powers, and absent an error of law or an abuse of discretion, this Court will not disturb that decision on appeal. ***Reid v. Boohar***, 856 A.2d 156 (Pa.Super. 2004).

Rule 1037(b) provides in pertinent part as follows: "The prothonotary, on *praecipe* of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend or…for any relief admitted to be due by the defendant's pleadings." Pa.R.C.P. 1037(b). Rule 237.3(b) states: "If the petition [challenging the default judgment] is filed within ten days after entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b). Where a petition to open a default judgment is not filed within ten days of entry of the default judgment, the movant must "(1) promptly file a petition to open judgment, (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." ***Reid, supra*** at 160. To succeed, the petitioner must meet all three requirements. ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009); ***Duckson v. Wee Wheelers Inc.***, 620 A.2d 1206 (Pa.Super. 1993). In other words, if the petitioner fails to meet just one requirement for opening judgment, the court can deny relief without considering arguments made with regard to the two

other requirements. ***Id.*** at 1209. If the petitioner has made some showing as to all three prongs of the test, then the court is entitled to consider each point in light of all the "circumstances and equities of the case." ***Id.*** Courts "must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits." ***Id.*** at 1208.

With respect to the first requirement that the petitioner promptly file a petition to open, this Court does not "employ a bright line test"; courts focus "on two factors: (1) the length of the delay between discovery of the entry of the judgment and filing the petition to open judgment, and (2) the reason for the delay." ***Flynn v. America West Airlines***, 742 A.2d 695, 698 (Pa.Super. 1999). Given an acceptable reason for the delay, one month or less between the entry of the default judgment and the filing a petition for relief from the judgment typically meets the time requirement for a prompt filing of a petition for relief. ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa.Super. 2009). ***See also US Bank N.A., supra*** (comparing cases and rejecting eighty-two day interval between default judgment and petition for relief as tardy).

With respect to the second requirement of a justifiable excuse, courts look to the specific circumstances of the case to determine whether the petitioner offered a legitimate explanation for the delay that caused entry of a default judgment. ***Id.*** "While some mistakes will be excused, …mere

carelessness will not be…." ***Bahr v. Pasky***, 439 A.2d 174, 177 (Pa.Super. 1981). "[*P*]*ro se* status does not entitle a party to any particular advantage because of his…lack of legal training." ***Deek Investment, L.P. v. Murray***, 157 A.3d 491, 494 (Pa.Super. 2017). A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). "[A]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***O'Neill v. Checker Motors Corp.***, 567 A.2d 680, 682 (Pa.Super. 1989).

Instantly, the Prothonotary entered a default judgment against Appellant Bey on February 5, 2015.[1] Over two years later, Appellants filed their petition to open the default judgment on February 22, 2017, which is not prompt on its face. ***See Myers, supra***; ***US Bank N.A., supra***. Appellants provided the following explanations for their late filing of the petition open the default judgment: (i) the Bank repeatedly requested the court to continue the sheriff's sale; (ii) Appellant Clarke was unable to participate in the case until July 2015; and (iii) Appellant Bey first contacted counsel on the day of the January 10, 2017 sheriff's sale. Appellants' reasons, however, do not justify

---

[1] The *praecipe* for entry of the default judgment contains the requisite certification of mailing of the 10-day notice of intent to take default judgment and states the time limits provided for in that notice have expired. ***See*** Pa.R.C.P. 237.1.

their delayed challenge to the default judgment. First, Appellants do not describe how the Bank's repeated postponement of the sheriff sale hindered Appellants' ability to challenge the default judgment. Rather, the postponements likely prolonged the case and gave Appellants additional time to file their petition to open the default judgment, albeit belatedly. Second, Appellant Clarke's intervention in July 2015, did not prevent: (1) Appellant Bey from challenging the default judgment earlier; and (2) Appellants from filing their petition to open the default judgment before February 2017.[2] Finally, Appellant Bey's *pro se* litigation of this case until January 2017 does not excuse the failure to challenge the default judgment before February 2017. ***See Deek, supra***; ***Jones, supra***. Appellants have not presented a justifiable excuse for their failure to assert a prompt challenge to entry of the default judgment to satisfy the first requirement to open the default judgment. ***See Reid, supra***; ***Flynn, supra***.

Additionally, Appellant Bey failed to file a timely responsive pleading to the Bank's complaint before entry of the default judgment. Appellants, however, offered no excuse for Appellant Bey's failure to file any responsive pleading, so they have not satisfied the third requirement to open the default judgment. ***See Reid, supra***. Based upon the foregoing, Appellants failed to

_____

[2] To the extent Appellants assert Appellant Bey could not have challenged the default judgment against him until Appellant Clarke intervened, that argument is illusory; Appellant Clarke lacked standing to challenge the default judgment because the judgment was not entered against him.

satisfy two of the three criteria to open the default judgment against Appellant Bey, and the trial court correctly denied their petition to open it. ***See id.***; ***Duckson, supra***. ***See also Devine v. Hutt***, 863 A.2d 1160, 1170 (Pa.Super. 2004) (reiterating principle that appellate court may affirm on any basis if decision of trial court is correct). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/18