J-A27006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHERYL GROVE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD BEAM D/B/A MTM BUILDING | : | |
| CONTRACTORS | : | |
| | : | No. 582 MDA 2023 |
| Appellant | : | |

Appeal from the Order Entered April 11, 2023
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2022-06425

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: FEBRUARY 2, 2024**

Todd Beam, d/b/a MTM Building Contractors, appeals from the order, entered in the Court of Common Pleas of Cumberland County, denying his petition to open a default judgment.  After careful review, we affirm.

In March 2020, Appellee, Cheryl Grove, hired Beam to build a custom home on real property located in Shippensburg, Pennsylvania, for $312,000.00.  Since the spring of 2021, Grove "discovered a multitude of deficiencies in workmanship, noncompliance with [building p]lans, noncompliance with standards set forth in the [parties' a]greement, and violations of the laws and regulations of the Commonwealth and the Borough of Shippensburg."  Plaintiff's Complaint, 8/2/22, at 3-6.

_____

[*] Former Justice specially assigned to the Superior Court.

In July 2021, Grove notified Beam of potential litigation over the subject matter. On July 13, 2021, Beam contacted Grove's attorney, via voicemail, and informed counsel that Lee Stivale, Esquire, would be representing him in the matter. On that same day, Grove's attorney contacted Attorney Stivale, who confirmed that he would be representing Beam. On August 3, 2022, Grove filed the instant breach of contract action against Beam.[1] The complaint was subsequently served on Beam on October 28, 2022. However, after Attorney Stivale failed to timely respond to a request to mediate and Beam was unsuccessful in contacting Attorney Stivale personally, Beam ultimately turned the case over to his insurance company, Cumberland Mutual Insurance Company (Cumberland/insurance company). Beam sent the complaint, within seven days of receiving it, to his insurance agent and requested that it be forwarded to Cumberland. Cumberland received the complaint on or about November 15, 2022.

Upon receiving the complaint, Cumberland forwarded it to outside coverage counsel for review. Cumberland informed Beam that the complaint had been sent to counsel; however, Beam mistakenly believed that counsel had been retained to file an answer to Grove's complaint. Cumberland also told Beam that it would contact Grove's counsel to request that all communication go through Cumberland.

---

[1] The complaint also included counts for negligence, breach of warranties, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), and fraud. *Id.* at 25-32.

After no attorney entered an appearance of record on Beam's behalf and Beam, himself, failed to file a timely answer to the complaint, *see* Pa.R.C.P. 1026(a), on November 30, 2022, Grove filed a notice to enter a default judgment against Beam (d/b/a MTM Builders) via certified mail. *See* Pa.R.C.P. 237.1. Beam failed to file a responsive pleading or contact Cumberland to inquire as to why no answer had been filed to Grove's complaint. On December 1, 2022, default judgment was entered against Beam. Beam forwarded the judgment to Cumberland; it was received by the insurance company on December 5, 2022.

Cumberland retained counsel for Beam on January 3, 2023. On January 6, 2023, Grove filed a motion for an assessment of damages hearing. On January 6, 2023, counsel entered his appearance for Beam. On January 10, 2023, the court scheduled a damages hearing.[2] On January 12, 2023, Beam filed a petition to open the default judgment—42 days after default judgment was entered and 38 days after Cumberland received notice of the entry of default judgment.

Following a hearing,[3] the court denied Beam's petition to open, concluding that: (1) the petition was not promptly filed where thirty-eight

---

[2] On January 13, 2023, the trial court replaced a scheduled March 7, 2023 damages hearing with a hearing on the petition to open.

[3] We note that there is no transcript of the hearing on the petition to open the default judgment in the certified record. *See* Order of Court, 4/19/23 ("AND NOW, this 11 day of April 2023, upon consideration of Defendant's Petition to Open Default Judgment, and **following a hearing** where the Defendant[]
*(Footnote Continued Next Page)*

days passed from when Beam's insurance company received the default judgment until it filed the petition; (2) the delay in filing the petition was unreasonable where Beam never spoke with a lawyer regarding the handling of his claim, never retained counsel after receiving notice of the default judgment (but merely forwarded documentation to his insurance company), and was under the mistaken belief that Cumberland was receiving notice and that counsel had been secured. **See** Trial Court Opinion, 6/15/23, at 7-10. Beam filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Beam raises the following issues for our consideration:

(1) Whether the trial court erred in holding that [Beam's p]etition [t]o [o]pen the [d]efault [j]udgment was not promptly filed?

(2) Whether the trial court erred in not making a determination as to whether [Beam] has meritorious defenses to the claims stated in the [c]omplaint?

(3) Whether the trial court erred in holding that there was no reasonable explanation or excuse for the default?

Appellant's Brief, at 1-2.

---

participated, the Petition is DENIED.") (emphasis added). **See also** Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4000.1 *et seq.* of the Pennsylvania Rules of Judicial Administration."). Beam's notice of appeal, however, does include the requisite language, pursuant to Pa.R.A.P. 1911, requesting the court reporter produce, certify, and file the transcript in the matter. Nevertheless, our review of the issues on appeal is not hampered by the lack of a transcript of the hearing. We remind appellant that it is his responsibility to provide the appellate court with a complete record for review. **See Cade v. McDanel**, 679 A.2d 1266 (Pa. Super. 1996).

"A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition." *Castings Condominium Ass'n, Inc. v. Klein*, 663 A.2d 220, 222-23 (Pa. Super. 1995) (citation omitted). In order to open a default judgment, the moving party must satisfy the following requirements: "(1) promptly file[] a petition to open the default judgment, (2) provide[] a reasonable excuse or explanation for failing to file a responsive pleading, and (3) plead[] a meritorious defense to the allegations contained in the complaint." *Myers v. Wells Fargo Bank*, 986 A.2d 171, 175-76 (Pa. Super. 2009). A court cannot open a judgment unless the moving party has established all three of the required criteria. *Id.* at 176.

"The court's refusal to open a default judgment will not be reversed on appeal unless the trial court abused its discretion or committed an error of law." *Castings Condominium Ass'n*, *supra* at 223 (citation omitted). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias[,] or ill-will." *Id.* (citation omitted). Moreover, this Court must determine "whether there are equitable considerations [that] weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits. Where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion." *Id.* (citation and quotations omitted). Finally, because the decision whether to open a judgment is an equitable one, it

- 5 -

depends on the particular facts of each case; "our Court does not employ a bright[-]line test." **Quatrochi v. Gaiters**, 380 A.2d 404, 407 (Pa. Super. 1977).

Beam argues that the trial court acted improperly when it failed to open the default judgment entered against him "in light of the fact that the delay was caused by mishandling of court papers by [Beam's] insurance company," and where he filed his petition to open promptly after receiving entry of the default judgment. Appellant's Brief, at 6. Specifically, Beam alleges that the insurance company's malfeasance constitutes a legal justification for relief from the default. We disagree.

Beam cites to **Balk v. Ford Motor Company**, 285 A.2d 128 (Pa. 1971), to support the argument that he had no reason to believe that his insurance company was not protecting his interests in the matter. **See** Appellant's Brief, at 12. **Balk**, a personal injury case, the plaintiff's complaint was reinstated against the two defendants, Ford Motor Company (manufacturer) and Robin Ford, a Ford dealer (Robin). However, when neither defendant appeared for the liability trial, a default judgment was entered. Later, a jury assessed damages of $75,000.00 against Robin, alone. Because no notice of the entry of the default judgment was given to Robin and the written notice of the damages hearing did not refer to any action involving Robin, the court entered an order opening the judgment following Robin's filing of a petition to open. On appeal, our Court concluded that the judgment was properly opened where Robin was "totally unaware of the judgment against [him] until receipt of the

letter . . . informing [him] of the assessment hearing [and] that by waiting [13 days] to open judgment" Robin acted promptly. *Id.* at 131.

Here, unlike Robin, Beam does not dispute that he received notice of the default judgment. Moreover, waiting a mere 13 days is significantly less than 38 or 42 days. *See Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009) (noting generally filing considered "prompt" where period of delay "less than one month" between entry of default judgment and filing of petition to open) (citation omitted).

Beam also relies upon *Duckson v. Wee Wheelers, Inc.*, 620 A.3d 1206 (Pa. Super. 1993), to support his claim that he "took all reasonable steps necessary to protect his interests by promptly providing the [c]omplaint and notice of entry of judgment to his insurer and was in no way responsible for the delay in filing the [p]etition [to open]." Appellant's Brief, at 13.

*Duckson* is inapposite to this case. There, the petitioner sought to open the default judgment only one day after it was entered. *Id.* at 1209. Here, Beam filed his petition to open almost six weeks after default judgment was entered against him. However, we recognize that there is a distinction between corporations and laypersons with regard to opening judgments. In *Reid v. Boohar*, 856 A.2d 156 (Pa. Super. 2004), our Court found that where a petitioner-layperson "entrusted his claim to his insurance carrier and reasonably relied on its representations, and the insurer mistakenly failed to file a timely answer," the petitioner had established a legitimate excuse for the delay in timely responding. *Id.* at 162. In *Reid*, petitioner's insurance

company admittedly lost his file and, as a result, did not "move [his] claim along." *Id.* at 159. Moreover, petitioner claimed he never received notice of Appellee's *praecipe* for entry of a default judgment. *Id.* at 158.

Here, although Beam provided the complaint to his insurance company within 7 days of receiving it, Beam never inquired whether counsel had been retained by his insurance company and "failed to demonstrate any further effort to inquire after Cumberland about actions on his behalf . . . even after events occur[red that] reasonably should have alerted [Beam] to a possible problem." Trial Court Opinion, 6/15/23, at 9-10, 12. While a litigant, generally, is excused from default where he has a **justifiable** belief that his legal interests are being protected by his insurance company, "if the insured fails to inquire of the insurer as to the status of the case after events have occurred [that] should have reasonably alerted the insured to a possible problem, the insured is precluded from asserting a justifiable belief that its interests were being protected." *Duckson*, *supra* at 1210. Moreover, as stated *supra*, the facts reveal that Beam received notice of Grover's intent to enter a default judgment. *Cf. Reid*, *supra*; *Rounsley v. D.C. Ventre & Sons, Inc.*, 522 A.2d 569 (Pa. Super. 1987) (appellee's failure to give appellant proper notice of intent to praecipe for default judgment constitutes justifiable explanation for delay in filing answer).

Based on the record evidence, we cannot conclude that the trial court abused its discretion in denying Beam's petition to open the default judgment where he did not file his petition promptly and did not have a legitimate

explanation for the failure to file answer.[4]  Specifically, we conclude that Beam's failure to ask Cumberland about the status of his case after receiving notice that a default judgment would be entered and after the actual entry of the default, which "should have reasonably alerted [him] to a possible problem," precludes him from asserting he had a justifiable belief that his interests were being protected.  *Duckson*, *supra* at 1210.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/2/2024

---

[4] Having concluded that Beam did not prove either of the first two prongs required to open the judgment, the trial court was not obligated to analyze whether he pled a meritorious defense.  *See US Bank N.A. v. Mallory*, 982 A.2d 986 (Pa. Super. 2009).