J-S46033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GERMAN TOWNSHIP PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LITTLE KNIGHTS BASEBALL LEAGUE | : | |
| AND ROTARY INTERNATIONAL | : | |
| | : | No. 791 WDA 2024 |
| | : | |
| APPEAL OF: LITTLE KNIGHTS | : | |
| BASEBALL LEAGUE | : | |

Appeal from the Order Entered June 3, 2024
In the Court of Common Pleas of Fayette County Civil Division at No(s):
No. 333 of 2023, G.D.

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.:            **FILED: April 21, 2025**

Appellant, the Little Knights Baseball League, appeals from the order entered in the Fayette County Court of Common Pleas, which denied its petition to open default judgment. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant was a registered non-profit youth baseball league that utilized baseball fields owned by the league. One such field ("the property") is located in German Township. Appellant acquired the title to the property through a deed from the Rotary Club of Masontown. The deed included a "reverter" clause stating that the property would be reconveyed to the Rotary Club if Appellant went out of business and, if the Rotary Club no longer existed, the property would be dedicated to German Township. Appellant ceased

operations in 2017.

On January 12, 2024, the Township filed an amended complaint to quiet title, alleging that neither Appellant nor the Rotary Club continued to exist. On April 2, 2024, the Township filed a 10-day notice of intent to seek a default judgment pursuant to Pa.R.C.P. 1066 due to Appellant's failure to respond.

On April 12, 2024, Appellant filed an answer; however, on April 30, 2024, the Township filed a petition seeking entry of default judgment, arguing that Appellant's answer failed to include a verification statement executed by Appellant's representative. On May 7, 2024, Appellant filed a verified answer.

On May 14, 2024, the court granted the Township's petition for default judgment. On May 20, 2024, the Township filed a *praecipe* for entry of default judgment in favor of the Township and against Appellant. That same day, the prothonotary's office sent notice that default judgment had been entered in favor of the Township. On May 31, 2024, Appellant filed a petition to open the default judgment. On June 3, 2024, the court entered an order denying the petition to open the default judgment. On June 11, 2024, the Township filed a motion seeking entry of a decree to quiet title. On June 25, 2024, the court entered a decree quieting title.

Appellant filed the instant notice of appeal on July 1, 2024, from the order denying its petition to open default judgment.[1] On July 2, 2024, the

---

[1] **See** Pa.R.A.P. 311(a)(1) (permitting appeal as of right from interlocutory order refusing to open, vacate, or strike off judgment). Appellant filed a second notice of appeal, docketed at No. 792 WDA 2024, from the decree quieting title.

court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the entry of the order, and warned that failure to comply would result in waiver of all issues on appeal. Appellant filed a concise statement docketed on July 29, 2024, beyond the deadline. On August 14, 2024, the trial court issued an opinion stating that Appellant's issues on appeal should be deemed waived based on Appellant's untimely filing.

Preliminarily, we observe that appellants must timely comply whenever the trial court orders them to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306 (1998). The holding in ***Lord*** is intended to operate as a "bright-line rule" and failure to comply will result in the automatic waiver of the issues raised. ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*). In civil cases, under Rule 1925(b): (1) the trial court must issue an order directing an appellant to file a concise statement of errors **within 21 days** of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Pa.R.C.P. 236; and (5) the prothonotary must record Rule 236 notice on the docket. ***See*** Pa.R.A.P. 1925(b); ***Forest Highlands Community Ass'n v. Hammer***, 879 A.2d 223 (Pa.Super. 2005). "Filing may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not

be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a).

Instantly, the record confirms that the court filed its Rule 1925(b) order on July 2, 2024, with Rule 236 notice sent to the parties that same day. The order states that Appellant shall file a concise statement within 21 days of the order, or July 23, 2024, or face waiver of all issues. Appellant has included a receipt indicating that it mailed the Rule 1925(b) statement on July 12, 2024.[2] Nevertheless, the operative date is the receipt of the mail; here, Appellant's statement was not filed until July 29, 2024, six days late. **See** Pa.R.A.P. 121(a).[3] Therefore, Appellant's untimely filing constitutes grounds to deem Appellant's issues waived on appeal. **See Lord, supra**; **Greater Erie Indus. Development Corp., supra**; **Forest Highlands Community Ass'n, supra**.

Nevertheless, we recognize that in some situations, remand may be

---

[2] We note that Appellant mailed its concise statement from South Carolina.

[3] Rule 1925(b)(1) provides: "Filing of record shall be as provided in [Rule] 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c)." Pa.R.A.P. 1925(b)(1). **See also** Pa.R.A.P. 1112(c)(2) (governing petitions for allowance of appeal and stating: "The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter in the appellate court below, and shall be either enclosed with the petition or separately mailed to the Prothonotary"). Here, Appellant's receipt from the post office does not satisfy the exceptions outlined in Rule 1925(b)(1) to render the mailing date as sufficient for filing.

warranted to determine whether an appellant has timely filed a concise statement. *See* Pa.R.A.P. 1925(c)(1) (stating appellate court may remand in either civil or criminal case for determination as to whether concise statement had been filed and/or served or timely filed and/or served). Based on Appellant's mailing date of July 12, 2024 (11 days before the July 23, 2024 filing deadline), Appellant could arguably be entitled to the benefit of a remand under Rule 1925(c)(1).[4] We decline to remand in this case, however, because Appellant's issues are also waived on grounds other than the untimely filing of its concise statement.

Our Rules of Appellate Procedure make clear that appellate briefs must conform in all material respects to the briefing requirements set forth in the Rules. Pa.R.A.P. 2101. Arguments must be followed by an appropriate discussion and citation of pertinent authorities. *See* Pa.R.A.P. 2119(a). Where an appellant fails to properly raise or develop issues on appeal, or where a brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *See Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal;

_____

[4] We observe that Rule 1925(c)(2) provides: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2). Notably, Appellant has not filed an application in this Court requesting a remand under Rule 1925(c)(2).

appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law).  *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal); *Bunt v. Pension Mortg. Associates, Inc.*, 666 A.2d 1091 (Pa.Super. 1995) (stating it is appellant's responsibility to establish entitlement to relief by showing that trial court's ruling is erroneous; where appellant presents position without elaboration or citation to law, this Court can decline to address appellant's bare argument).  Indeed, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa.Super. 2014), *appeal denied*, 631 Pa. 719, 110 A.3d 998 (2014).

Further, "[a] petition to open a default judgment is an appeal to the equitable powers of the court." *Smith v. Morrell Beer Distributors*, *Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011) (quoting *Dumoff v. Spencer*, 754 A.2d

- 6 -

1280, 1282 (Pa.Super. 2000)). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." **Id.** (quoting **Dumoff, supra** at 1282).

"If the petition [for relief from a default judgment] is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2). Where a petition to open a default judgment is not filed within ten days after the entry of a default judgment, the movant must "(1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." **Reid v. Boohar**, 856 A.2d 156, 160 (Pa.Super. 2004). "[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." **US Bank N.A. v. Mallory**, 982 A.2d 986, 995 (Pa.Super. 2009).

Here, Appellant's argument section on appeal states, in its entirety:

> The argument in this case is very simple. According to Pa.R.C.P. § 237.3(b), "…(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court **_shall_** [emphasis added] open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." [Appellant] has clearly met its burden under Pa.R.C.P. § 237.3(b). [Appellant] filed the Petition to Open Default judgment a mere three (3) days after the

> Default Judgment was entered.[5] [Appellant] had also filed a properly verified Answer to Amended Complaint in Action to Quiet Title that provided a meritorious defense. Based on the plain language of Pa.R.C.P. § 237.3(b), the [c]ourt was ***REQUIRED*** to open the Default Judgment and failed to do so. [Appellant] is appealing this clear and unmistakable error of the [c]ourt to deny opening the judgment in this case.

(Appellant's Brief at 6-7) (emphasis in original).

Appellant's conclusory argument section, lacking any citation to relevant case law or to the record whatsoever, is woefully inadequate. Although Appellant cites to Rule 237.3(b), Appellant fails to cite to the record to explain: (1) how it complied with the relevant 10-day filing period where notice of the default judgment was sent on May 20, 2024[6] but Appellant did not file its petition to open until Friday, May 31, 2024—one day after the deadline; and (2) assuming without deciding that Appellant did file its petition within the 10-day deadline, what meritorious defense it alleged in its answer and why such a defense is meritorious.[7] ***See*** Pa.R.C.P. 237.3(b)(2); ***Reid, supra***. We will not act as Appellant's counsel and develop these arguments on its behalf. ***See***

---

[5] Appellant's petition to open is dated May 24, 2024, so it appears that Appellant is using the date of mailing rather than the filing date to argue timeliness.

[6] Both parties state that the default judgment was entered on May 21, 2024. Our review of the docket entries, however, indicates that default judgment was entered on May 20, 2024, with Rule 236 notice sent to the parties that same day.

[7] Moreover, an examination of Appellant's answer reveals that it did not provide a meritorious defense. Rather, the answer consists of only admissions or denials, and it is unclear what meritorious defense to which Appellant refers.

***Coulter, supra***. Thus, even if Appellant had timely filed its Rule 1925(b) statement, its underdeveloped argument serves as another ground to deem Appellant's issues waived on appeal. ***See Estate of Haiko, supra***; ***Lackner, supra***; ***Butler, supra***; ***Bunt, supra***. Accordingly, we affirm.

Order affirmed.

President Judge Lazarus joins this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/21/2025